**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA CIRCUIT**

**FILED**

**JUL - 9 2012**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JOHN DOE, D.D.S.,                          :
                                           :
      Plaintiff,                          :
                                           :
v.                                         :    Case No.: _____
                                           :
MASSACHUSETTS MUTUAL LIFE                  :
INSURANCE COMPANY,                         :
1295 State Street                          :
Springfield, MA 01111                      :
                                           :    Case: 1:12-cv-01144
                                           :    Assigned To : Sullivan, Emmet G.
Serve:  Eleanor P. Williams                :    Assign. Date : 7/9/2012
        Assistant Vice President & Counsel  :    Description: Contract
        MassMutual Financial Group      :
        1295 State Street               :
        Springfield, MA 01111           :
                                           :
      Defendant.                          :

## COMPLAINT FOR COMPENSATORY, DECLARATORY AND INJUNCTIVE RELIEF

        Plaintiff John Doe, D.D.S., through counsel HANNON LAW GROUP, respectfully

presents this Complaint against Defendant Massachusetts Mutual Life Insurance Company

("MassMutual") and states as follows:

### JURISDICTION AND VENUE

        1.     This Court has jurisdiction pursuant to the diversity provisions of 28 U.S.C. §

1332. The matter in controversy exceeds, exclusive of interests and costs, $75,000.

        2.     This Court has authority pursuant to 28 U.S.C. § 2201, to declare the rights of

Plaintiff and Defendant.

        3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.     Plaintiff, Dr. John Doe, is a resident of Washington, D.C. Dr. John Doe earned his doctor of dental surgery degree from a prestigious medical school. In 1985, he opened a solo dentistry practice in Washington, D.C., specializing in preventive, restorative, and cosmetic dentistry.

5.     Defendant Massachusetts Mutual Life Insurance Company is a corporation incorporated under the laws of the Commonwealth of Massachusetts, having its principal place of business in Springfield, Massachusetts, and doing business in Washington, D.C.

6.     Dr. John Doe is insured by Defendant MassMutual under a Disability Income Policy ("Disability Policy"). Defendant MassMutual is the administrator of the Disability Policy.

## FACTUAL BACKGROUND

7.     The Disability Policy issued by MassMutual to Dr. John Doe went into effect on October 5, 1992, when Dr. John Doe was working full-time. The premiums have been paid on a timely basis from the date of the issuance to the present.

8.     On July 17, 2004, Dr. John Doe was involved in a motorcycle accident. As a result of the accident, as well as other stressful events in his life, Dr. John Doe suffered from Post Traumatic Stress Disorder ("PTSD"), major depression, cognitive deterioration, deterioration of fine motor skills, and other injuries.

9.     These conditions have severe negative impacts on his ability to work and have caused an enormous reduction in his income.

10.     On April 11, 2011, Dr. John Doe filed a claim for benefits under the Disability Policy with MassMutual.

11.     In support of his claim, Dr. John Doe furnished MassMutual clear and sufficient medical proof, including a Physician's Statement as required by the Disability Policy, that he was and is partially disabled from the practice of dentistry since July 17, 2004.

12.     On April 21, 2011, Defendant MassMutual acknowledged receipt of Dr. John Doe's claim, but requested additional medical and financial documents.  Dr. John Doe supplemented his claim with the information requested on May 25, 2011.

13.     On June 30, 2011, MassMutual acknowledged receipt of the supplemental information and informed Dr. John Doe that it had referred the matter to a medical consultant for review.

14.     On August 5, 2011, Dr. John Doe's clinical psychologist sent a letter to MassMutual stating MassMutual's delay in approving his claim was exacerbating his psychological stability.

15.     On August 18, 2011, MassMutual informed Dr. John Doe that their vocational experts had completed their review of his financial records, but that the matter was now being reviewed by its medical consultants.  MassMutual repeated this explanation for the delay on August 29, 2011, and September 16, 2011.

16.     On October 20, 2011, MassMutual approved Dr. John Doe's claim, but applied a "temporary" disability date of January 3, 2011.  MassMutual again requested additional information, including updated medical and financial records, as well as documents relating to an ongoing lawsuit Dr. John Doe had filed against a former employee.  The letter did not explain how Defendant arrived at the claimed temporary disability date or Pre-Disability Income, and did not identify the amount of benefits to be paid or the date when payments would begin.

17.     According to the Disability Policy, Dr. John Doe is entitled to benefits for any month in which his income is 20% less than his Pre-Disability Income.  In any month where Dr. John Doe's income was 75% less than his Pre-Disability Income, he is entitled to the full amount of the Pre-Disability Income, subject to a maximum payment of $4,683.00.

18.     Using a temporary disability date of January 3, 2011, MassMutual determined that Dr. John Doe's Pre-Disability Income was $4,957.42 per month, based on his average monthly income from January 2009 through December 2011.

19.     The Pre-Disability Income assessed by MassMutual is significantly less than his monthly income prior to the July 17, 2004, motorcycle accident.  Had MassMutual determined that Dr. John Doe was disabled on July 17, 2004, his Pre-Disability Income would have been at least $10,245.92.

20.     Using a Disability Date of July 17, 2004, Dr. John Doe would have been entitled to Benefit Payments for any month after July 17, 2004, that his income fell below $8,196.74, and a maximum benefit payment for each month that his income fell below $5,382.92.

21.     On December 16, 2011, Dr. John Doe received benefit payments for June, August, and October 2011.  He has since received subsequent benefits periodically.

22.     On February 14, 2012, MassMutual completed its review of Dr. John Doe's claim and converted the "temporary" disability date of January 3, 2011, to a "permanent" disability date, depriving Dr. John Doe of benefit payments from July 2004 through December 2011, and reducing the amount of the monthly benefit payments made by MassMutual.

## COUNT 1 – BREACH OF CONTRACT

23.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

24.     The Disability Policy is a contract between Defendant MassMutual and Dr. John Doe.  MassMutual received thousands of dollars in premiums in exchange for its promise to fully and faithfully execute its duty under the Disability Policy to pay benefits when due.

25.     The Disability Policy provides that benefits are payable to individuals who, while the Disability Policy is in force, suffer from an injury or sickness that requires care of a legally qualified physician and reduces their  income by limiting their ability to work.

26.     Dr. John Doe's medical records conclusively establish that he suffered from Post Traumatic Stress Disorder ("PTSD"), major depression, cognitive deterioration, deterioration of fine motor skills, and other injuries, beginning in July 2004.  These conditions have severe negative impacts on his ability to work and have caused an enormous reduction in his income.

27.     On April 14, 2011, Dr. John Doe claimed benefits under the Disability Policy and complied with all requirements to demonstrate that he was and is unable to perform substantial and material duties required of his occupation as of July 17, 2004.

28.     On February 14, 2012, MassMutual breached its contract with Dr. John Doe by refusing to provide benefits prior to January 3, 2011.

29.     By incorrectly assessing Dr. John Doe a disability date of January 3, 2011, MassMutual has breached the Disability Policy contract of insurance, causing Dr. John Doe to suffer more than $300,000, in damages by depriving him of approximately 78 benefit payments and premium refunds, lowering the amount of payments he did receive, and other damages to his business and health.

## COUNT II – BAD FAITH

30.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

31.     By wrongfully denying that Dr. John Doe was disabled as of July 17, 2004, despite having been provided evidence thereof pursuant to the terms of the Disability Policy, Defendant MassMutual is conducting administration of the Disability Policy in bad faith and with the wrongful purpose and intention of inflicting physical, emotional, and economic injury upon Dr. John Doe.

32.     Plaintiff alleges that after a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support for his contention that Defendant MassMutual's conduct was intentional, malicious, and willful and its conduct authorized or ratified by officers, directors, or managing agents of Defendant.  Plaintiff further alleges that after a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support for his contention that Defendant MassMutual has a policy of prolonging its claim process to discourage policy holders from pursuing claims under their contracts of insurance.

## COUNT III – INJUNCTIVE AND DECLARATORY RELIEF

33.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

34.     Defendant MassMutual has a legal duty to make benefit payments to Dr. John Doe based on a disability date of July 17, 2004.

35.     Dr. John Doe's remedies at law are inadequate, and he will continue to suffer immediate and irreparable harm if Defendant MassMutual is not enjoined from refusing to pay him the full amount of benefits under the Disability Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests compensatory and punitive damages from Defendant, together with interests, costs, and reasonable attorney's fees in excess of the statutory amount in diversity cases.  Further, Plaintiff requests an order declaring that Plaintiff is entitled to benefits beginning in July 2004 under the Disability Policy.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

Dated: July 9, 2012                                    Respectfully Submitted,

                                                       HANNON LAW GROUP


                                                       J.  Michael Hannon, #352526
                                                       Daniel S.  Crowley, # 989874
                                                       1901 18th Street, NW
                                                       Washington, DC 20009
                                                       (202) 232-1907
                                                       Fax: (202) 232-3704
                                                       jhannon@hannonlawgroup.com

                                                       *Attorneys for Plaintiff*